IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON MINCY,** | : | **CIVIL ACTION NO. 1:05-CV-1458** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **EDWARD J. KLEM**, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Presently before the court is a motion to dismiss (Doc. 35) plaintiff Hilton Mincy's ("Mincy") amended complaint (Doc. 25) pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), filed by defendants Sharon Burks ("Burks"), Joan Holden ("Holden"), and Joseph Nevis ("Nevis"). For the reasons set forth below, the motion will be granted.

**I.   Statement of Facts**[1]

On April 3, 2005, Mincy found rocks in his food. (Doc. 25, p. 7). He believes that officers named as defendants in a separate lawsuit, Mincy v. Chmielewski, 1:05-CV-292, "were the ones who may had [sic] put the 'rocks' in his tray." (Doc. 25, p. 7). On April 11, 2005, he filed grievance #114795 concerning this incident. (Id.). On May 30, 2005, the grievance was denied. (Doc. 25, p. 12). He filed an appeal, which

---

[1]The amended complaint consists of twenty-five pages of allegations and includes fourteen defendants. For purposes of this memorandum, the statement of facts will be limited to the allegations and incidents involving the moving defendants.

was denied on June 12, 2005.  He then appealed the grievance to final review.  On August 12, 2005, he was notified by defendant Burks that his appeal was denied. (Doc. 25, p. 12).  He alleges that defendant Burks "knowingly and intentionally conspired with defendants to deprive [him] of adequate and meaningful state remedy.  Defendant [] Burks acted with deliberate indifference to the plaintiff's plight, with the sole intent of depriving him of adequate and meaningful state remedy in violation of [his] United States and Pennsylvania Constitutional rights, and or state law torts."

On July 1, 2005, Mincy sent a package containing thirteen copies of the original complaint in this action, a letter, and four cash slips, two of which were related to the filing of the complaint in this court, to the business office for processing.  (Doc. 25, pp. 26-30).  He became "suspicious" when the cash slips related to the lawsuit were not timely processed and sent a letter of inquiry to the business office.  (Doc. 25, p. 13).  Defendant Holden informed him that "his money was in escrow because it had to be cleared by the bank.  It will be done as soon as possible."  (Doc. 25, p. 31).  Mincy was subsequently notified that the cash slips were processed on July 15, 2005.  (Doc. 25, p. 33).

On July 21, 2005, he filed grievance number 124237 concerning the delay in processing his cash slips.  (Doc. 25, pp. 14, 36-37).  Defendant Nevis responded to the grievance on July 26, 2005 as follows:

> Inmate accounting received your cash slips for the $250.00 filing fee on July 1, 2005 as you state. It was then placed in a bin with other cash slips to be processed. The date the cash slips were processed, your $250.00 was not processed. It was processed the next time outside purchases were deducted, July 15, 2005. An investigation into the matter revealed that your $250.00 cash slip was inadvertently placed behind a folder and missed when the July 8 cash slips were processed. You did have enough funds as you state on July 8, 2005 as your funds by that time were unescrowed.
>
> I apologize for any inconvenience this may have caused you as this was unintentional and mistakes sometimes occur when dealing with the volume of paperwork inmate accounting handles.

(Doc. 25, p. 38). Mincy alleges that defendant Holden "conspired with defendants to conceal the defendants [sic] and/or her unlawful detention and obstruction of [his] complaint (mail) -- civil suit." (Doc. 25, p. 18). He contends that defendant Nevis "conspired with defendants to not only conceal the defendants [sic] unlawful and deliberate obstruction of the plaintiff's mail, but knowingly intended to deprive plaintiff of meaningful and adequate state remedy through the grievance process."

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also

consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III. Discussion**

**A. Retaliation**

Defendants first seek to dismiss the amended complaint on the grounds that plaintiff fails to state a retaliation claim against these defendants. (Doc. 36, p. 3). However, even the most liberal reading of the amended complaint fails to unearth

4

such a claim against these individuals.[2] Consequently, the court declines to address defendants' argument concerning retaliation.

**B.     Conspiracy**

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989); Rose, 871 F.2d at 366.

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.;

---

[2] The court recognizes that plaintiff cites to claims of retaliation in his amended complaint. However, there are no such claims against Burks, Holden, or Nevis. Although the claim is not asserted, plaintiff "suggests" that the conduct of Holden and Nevis in delaying the filing of his complaint amounted to retaliation. (Doc. 38, p. 11). The court disagrees. At most, such conduct would amount to a denial of access to the courts claim, which plaintiff cannot prevail on since he has not alleged an actual injury-- an instance in which he was actually denied access to the courts. Lewis v. Casey, 518 U.S. 343, 350-352 (1996) (holding that in order to prevail on a meaningful access to the courts claim, it is necessary to allege a specific instance in which the plaintiff was denied access to the courts).

Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1326, 1405 n.16 (3d Cir. 1991); Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young, 926 F.2d at 1405 n. 16.

Viewing the complaint in the light most favorable to Mincy, he has nevertheless failed to state a viable conspiracy claim against defendant Burks. Without factual support, Mincy alleges in conclusory fashion that Burks conspired with the other defendants to deprive him of an "adequate state remedy." This is insufficient to state a conspiracy claim.

Likewise, he fails to state a conspiracy claim against defendants Holden and Nevis. The complaint is devoid of allegations that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Mincy relies on subjective suspicions and unsupported speculation.

Based on the above, and in light of the fact that plaintiff does not oppose dismissal of the conspiracy claims, the defendants motion to dismiss the complaint against defendants Burks, Holden, and Nevis will be granted.

**C.     State Law Claims**

The court declines to exercise supplemental jurisdiction over the pendent state law claims. 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice to any right Mincy may have to pursue them in state court. In so holding, the court expresses no opinion as to the merits of any such claims.

An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:     August 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON MINCY,** | : | CIVIL ACTION NO. 1:05-CV-1458 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **EDWARD J. KLEM, et al.,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 31st day of August, 2006, upon consideration of the motion to dismiss (Doc. 35) filed on behalf of defendants Burks, Holden and Nevis, it is hereby ORDERED that:

1. Defendants' motion (Doc. 35) is GRANTED.

2. The Clerk of Court is directed to TERMINATE defendants Burks, Holden and Nevis.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge